UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL JERMAINE MILLS,

    Petitioner,

v.                                            Case No. 8:07-cv-2322-T-23MAP

SECRETARY, Department of Corrections,

    Respondent.
_____/

## O R D E R

Mills petitions under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 20) and challenges his convictions for murder in the first degree and robbery during a home invasion. Mills serves life imprisonment. Numerous exhibits ("Respondent's Exhibit __") support both the original and the amended response. (Doc. 8 and 23)

## FACTS[1]

On December 13, 2000, Mills drove to retrieve his half-sister from her work. Mills's brother and Shannon Clark were passengers. The four drove "around drinking and smoking marijuana." When one of the group suggested a robbery, the half-sister "suggested Leo as the target" because she knew him, he used cocaine, and he recently bragged about having money. Mills drove to Leo's home. The half-sister approached the back door, and Leo welcomed her. After a short conversation, the half-sister used Leo's telephone to signal Clark's pager. As the half-sister exited the home, Mills and his

---

[1] This summary of the facts derives from Mills's brief on direct appeal. (Respondent's Exhibit B-1)

two companions, each armed with a gun, forcefully entered the home.  Leo was "pistol whipped" and held at gun-point while his home was ransacked.  Several minutes later a neighbor knocked.  Mills invited the neighbor into the home.  A struggle with the neighbor ensued.  The four fled the home after the neighbor was fatally shot.

Mill's confession was introduced into evidence, and his half-sister testified for the prosecution.  Although the defense presented witnesses, Mills stood silent.  Mills was convicted on each count of the indictment and sentenced to life imprisonment.  The convictions and sentences were affirmed on direct appeal in a per curiam decision without a written opinion.  (Respondent's Exhibit B-4)

In a Rule 3.850 motion to vacate, Mills partially prevailed in challenging his convictions and sentences.  The indictment charged Mills with murder in the first degree and robbery during a home invasion.  The latter count contains no allegation of the "use of a firearm."  To the contrary, both the jury instructions and the verdict form erroneously allowed the jury to find Mills guilty of robbery during a home invasion with a firearm.  Mills was sentenced to life imprisonment based on the "use of a firearm."  The Rule 3.850 motion was granted because the indictment contained no allegation of "use of a firearm" in the home invasion charge.  (Respondent's Exhibit C-3)  Mills's sentence for the home invasion was decreased from life to thirty years.  The federal petition persists in challenging the erroneous inclusion of "use of a firearm" in the robbery during a home invasion.

## STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding.  Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1210 (11th Cir. 1998),

cert. denied, 531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In Williams v. Taylor, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." Bell v. Cone, 535 U.S. at 694. See Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness per se, of

- 3 -

the state court decision that we are to decide."). The phrase "clearly established federal law" encompasses only the holdings of the United States Supreme court "as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. at 412.

The purpose of federal review is not to re-try the state case. "The [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002). Federal courts must afford due deference to a state court's decision. "AEDPA prevents defendants—and federal courts—from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." Renico v. Lett, ____ U.S. ____, 130 S. Ct. 1855, 1866 (2010).

In a per curiam decision without a written opinion the state appellate court affirmed Mills's convictions and sentences on direct appeal. (Respondent's Exhibit B-4) Similarly, in another per curiam decision without a written opinion the state appellate court affirmed the denial of Mills's subsequent Rule 3.850 motions to vacate. (Respondent's Exhibit C-5 and F-2) The state appellate court's per curiam affirmances warrant deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." Wright v. Moore, 278 F.3d 1245, 1254 (11th Cir.), reh'g and reh'g en banc denied, 278 F.3d 1245 (2002), cert. denied sub nom Wright v. Crosby, 538 U.S. 906 (2003).

Mills bears the burden of overcoming by clear and convincing evidence a state court factual determination. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the

- 4 -

presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to a finding of fact but not to a mixed determination of law and fact. Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001).

## INEFFECTIVE ASSISTANCE OF COUNSEL

Mills claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)). Strickland v. Washington, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to Strickland, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Strickland, 466 U.S. at 687, 104 S. Ct. 2052.

Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

Strickland requires proof of both deficient performance and consequent prejudice. Strickland, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); Sims, 155 F.3d at 1305 ("When applying Strickland, we

- 5 -

are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." <u>Strickland</u>, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. <u>Strickland</u> requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Mills must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691-92. To meet this burden, Mills must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

<u>Strickland</u> cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690-91. Mills cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the

> circumstances, as defense counsel acted at trial . . . . We are not
> interested in grading lawyers' performances; we are interested in whether
> the adversarial process at trial, in fact, worked adequately.

White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992). Accord Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable . . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (en banc) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)). See also Jones v. Barnes, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

Mills must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In determining "reasonableness," a federal petition for the writ of habeas corpus authorizes determining only "whether the state habeas court was objectively reasonable in its Strickland inquiry" and not independently assess whether counsel's actions were reasonable. Putnam v. Head, 268 F.3d 1223, 1244 n.17 (11th Cir. 2001), cert. denied, 537 U.S. 870 (2002).

In ruling on Mill's Rule 3.850 motion, the state court specifically recognized that Strickland governs each claim of ineffective assistance of counsel. (Respondent's Exhibit C-2 at 2) As a consequence, Mills cannot meet the "contrary to" test in Section 2254(d)(1). Mills instead must show that the state court unreasonably applied Strickland or unreasonably determined the facts. Because of the presumption of correctness and

- 7 -

the highly deferential standard of review, the analysis of each claim must start with the state court's analysis.

Ground One:

Mills asserts two claims of ineffective assistance of trial counsel.  First, Mills alleges that trial counsel was ineffective for not objecting to the jury instruction that permitted a finding that the robbery during a home invasion was committed with the "use of a firearm."  The respondent is correct that the prejudice was limited to the sentence and that re-sentencing was the proper remedy.  Mills is entitled to no additional relief.

Second, Mills alleges that trial counsel was ineffective for not objecting to the disclosure of his prior convictions.  The state post-conviction court rejected this claim as follows (Respondent's Exhibit C-2 at 2) (references to exhibits omitted):

> The Defendant alleges his trial counsel was ineffective in failing to object to the introduction of the Defendant's prior criminal convictions in the presence of the jury.  At the outset, this court notes that this claim is facially insufficient, as it fails to sufficiently allege prejudice.  See Strickland v. Washington, 466 U.S. 668 (1984).  Additionally, the record refutes this claim.  The trial transcript in this case demonstrates that, during a sidebar and out of the hearing of the jury, the State requested that it be permitted to proffer testimony from a witness, Dr. Gregory DeClue, regarding the Defendant's prior experience with the criminal justice system.  This court then excused the jury from the courtroom.  After the jury was excused, this court discussed at great length whether the State should be permitted to introduce this evidence in front of the jury, and the Defendant's trial counsel objected to the introduction.  At the conclusion of this discussion, this court denied the State's request to introduce the Defendant's past criminal history, and the jury was brought back into the courtroom. Accordingly, it does not appear from the record that the jury heard any evidence of the Defendant's prior criminal history, and the record reflects that trial counsel did timely object to the introduction of this evidence. Accordingly, this claim is denied.

The record confirms the state court's findings.  Mills is entitled to no relief because he fails to show that the state court's decision was an unreasonable application

of <u>Strickland</u> or an unreasonable determination of the facts.

<u>Ground Two</u>:

Mills alleges that appellate counsel was ineffective for not arguing that the trial court lacked jurisdiction to sentence him for robbery during a home invasion with the use of a firearm. The re-sentencing on count two remedied the error. Mills is entitled to no additional relief.

<u>Ground Three</u>:

Mills alleges that he was not properly advised of his rights under <u>Miranda v. Arizona</u>, 384 U.S. 486 (1966), because he was not advised of his right to the presence of an attorney <u>before</u> questioning. The "Rights Advisement Form" (Respondent's Exhibit E-1), which Mills signed before questioning commenced, refutes this claim. Mills's reliance on <u>State v. Powell</u>, 998 So. 2d 531 (Fla. 2008), is misplaced because that decision was vacated and reversed by <u>Florida v. Powell</u>, ___ U.S. ___, 130 S. Ct. 1195 (2010). Ground three lacks merit.[2]

Accordingly, Mills's second amended petition for the writ of habeas corpus (Doc. 20) is **DENIED**. The clerk shall enter a judgment against Mills and close this case.

ORDERED in Tampa, Florida, on March 16, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] The respondent's timeliness argument is rejected because counsel's calculation omits the December, 2006, re-sentencing when Mill's Rule 3.850 motion was partially granted.